UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN FERNANDEZ, DELISEA BEVERLY WIFE OF, ET AL.**<br><br>**Plaintiffs,**<br><br>-v-<br><br><br>**AMERICAN SUGAR REFINING INC., et al.,** *(a/k/a AMERICAN SUGAR REFINERY a/k/a DOMINO SUGAR CHAMETTE)*<br><br>**Defendants.** | CIVIL ACTION NO.: 2:25-cv-00772-CJB-MBN<br><br>JUDGE: Carl J. Barbier<br><br>MAGISTRATE: Michael B. North<br><br>**MEMORANDUM IN SUPPORT – motion to disqualify** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY UNAUTHORIZED COUNSEL, TO COMPEL APPEARANCE OF COUNSEL OF RECORD, AND FOR SANCTIONS**

**I.  INTRODUCTION**

Plaintiff, through undersigned counsel, submits this memorandum in support of the concurrently filed motion to disqualify unauthorized counsel, compel the appearance of Defendant's enrolled attorney Kimberly Cheeseman, and impose sanctions. The motion is necessitated by defense counsel's procedural misconduct, including the attempted participation of attorneys who

Plaintiffs' motion to disqualify/sanctions
Fernadez et al v. American Sugar Refining
LaED. No. 2:25-cv-00772

1

have not entered appearances in this case, in violation of the Local Rules of this Court and well-established norms of federal practice.

## II. FACTUAL BACKGROUND

This case arises from allegations of discrimination and misconduct by Defendant American Sugar Refining, Inc. Plaintiff, through undersigned counsel, has engaged in good faith efforts to litigate the matter in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

On July 12, 2025, Defendant filed a motion to dismiss. The pleadings were signed by Kimberly Cheeseman, who, according to the docket, is the only enrolled counsel of record. Despite this, the Court has issued orders anticipating oral argument to be conducted by attorneys who are not enrolled, not affiliated with Fulbright—the firm identified in the pleadings—and who have never communicated with Plaintiff's counsel.

These individuals have neither made appearances nor sought leave of court. Their proposed participation creates procedural ambiguity and substantial prejudice. Undersigned counsel has not received a motion to substitute counsel, a formal notice of enrollment, or any attempt at compliance with Local Rule 83.2.5. Instead, Plaintiff was placed in the procedurally

Plaintiffs' motion to disqualify/sanctions
Fernadez et al v. American Sugar Refining
LaED. No. 2:25-cv-00772

2

impossible position of preparing to argue against unknown and unauthorized attorneys in a dispositive matter.

Plaintiff's counsel has made repeated good faith efforts to address procedural deficiencies and has filed Document No. 21, a Motion for Clarification and Objection to Procedural Irregularities, which remains pending. This memorandum supports a related motion that seeks disqualification and sanctions as a necessary step to protect Plaintiff's rights and preserve the integrity of the proceedings.

### III. LEGAL STANDARDS

Under Local Rule 83.2.5 of the Eastern District of Louisiana, no attorney may appear before the Court unless formally enrolled. Federal courts consistently enforce local appearance rules to preserve the integrity of proceedings and ensure that parties receive due process through formal notice and accountable representation.

Under 28 U.S.C. § 1927, any attorney who unreasonably and vexatiously multiplies the proceedings may be required to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Sanctions are also appropriate under Federal Rule of Civil Procedure

Plaintiffs' motion to disqualify/sanctions
Fernadez et al v. American Sugar Refining
LaED. No. 2:25-cv-00772

3

11(b) where pleadings are filed for an improper purpose or contain misrepresentations of fact or law.

Further, courts possess inherent authority to regulate the conduct of attorneys and parties before them, and to sanction conduct that abuses the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

**IV.    ARGUMENT**
   a. *The Court Should Disqualify Unauthorized Counsel*

The Court has permitted or anticipated oral argument by attorneys who are not enrolled, are not affiliated with counsel of record, and have not communicated with Plaintiff. This violates Local Rule 83.2.5 and fundamentally compromises Plaintiff's right to a fair and orderly proceeding.

   b. *Defendant's Counsel Has Engaged in Sanctionable Conduct*

By evading procedural norms, misrepresenting facts in pleadings, and failing to appear while unknown counsel steps in, Defendant's legal team has acted in bad faith. Such conduct multiplies the proceedings unreasonably and merits sanctions under both § 1927 and Rule 11.

Plaintiffs' motion to disqualify/sanctions
Fernadez et al v. American Sugar Refining
LaED. No. 2:25-cv-00772

4

## V. The Court Has Inherent Authority to Remedy This Abuse

In addition to statutory and rule-based sanctions, courts are empowered to preserve the dignity of proceedings. Allowing such irregular advocacy sets a dangerous precedent that undermines judicial integrity.

## VI. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Disqualify any unauthorized attorneys who have not properly enrolled in this matter;

2. Compel the appearance of Kimberly Cheeseman, the counsel of record;

3. Vacate oral argument on the pending motion to dismiss;

4. Award monetary sanctions in the amount of $3,500 for time and costs incurred in addressing these violations;

Plaintiffs' motion to disqualify/sanctions
Fernadez et al v. American Sugar Refining
LaED. No. 2:25-cv-00772

5

5. Grant such other relief as may be just and appropriate.

Respectfully submitted:

**LAW OFFICE OF VELEKA ESKINDE LLC**

*/s/ Veleka Eskinde*

**Veleka Eskinde, Esq., M.A.,**
**LSBN 28305**

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this pleading upon opposing counsel via email, facsimile, through the ECF or by mailing a copy by first class mail properly addressed, postage prepaid on this __**17th**__ day of __**July**__ 20 __**25**__.

*/s/ Veleka Eskinde*

3205 Orleans Ave.
New Orleans, LA 70119
Phone: 504-525-1022
Fax: 504-565-1021
*velekaeskindelaw@gmail.com*
Attorney for Plaintiffs, John Fernandez, et al.

Plaintiffs' motion to disqualify/sanctions
Fernadez et al v. American Sugar Refining
LaED. No. 2:25-cv-00772

6