UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN FERNANDEZ ET AL.                    CIVIL ACTION

VERSUS                                    NO. 25-772

AMERICAN SUGAR REFINING,                 SECTION: "J"(5)
INC. ET AL.

### ORDER AND REASONS

Before the Court are a *Partial Motion to Dismiss* **(Rec. Doc. 18)**, filed by Defendant American Sugar Refining, Inc., and an opposition filed by Plaintiffs John Fernandez and Delisea Beverly (Rec. Doc. 48). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**, in accordance with the reasoning below.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of the termination of Fernandez's employment by Defendant. Fernandez, an African American, alleges discriminatory treatment because of his race. He claims fellow employees made racially offensive remarks, engaged in unwanted touching, and started rumors about his mental health ailments as a pretext for his termination.

After receiving a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), Fernandez and his wife Beverly filed this action. Plaintiffs

1

make ten claims:[1] (1) race discrimination and harassment under 42 U.S.C. § 1981; (2) race and sex discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964; (3) disability discrimination under the Americans with Disabilities Act; (4) race discrimination under Title VII and Section 1981; (5) conversion and unlawful retention of personal property under Louisiana law; (6) race and disability discrimination under the Louisiana Employment Discrimination Law; (7) intentional infliction of emotional distress under Louisiana law; (8) sexual battery under Louisiana law; (9) violation of the Consolidated Omnibus Budget Reconciliation Act; and (10) loss of consortium under Louisiana law.

Defendant now moves to dismiss sex-based, hostile work environment, and harassment claims of Count Two; the intentional infliction of emotional distress claim of Count Seven; the sexual battery claim of Count Eight; and the loss of consortium claim of Count Ten. Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are

---

[1] The Complaint misnumbers the claims, jumping from Count Five to Count Nine and containing two Count Elevens. For clarity, the Court renumbers the counts and will refer to the counts accordingly.

not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

Defendant moves for the full dismissal of three claims and the partial dismissal of one. Of those, the Court determines Plaintiff has stated a claim only as to Title VII discrimination based on hostile work environment and harassment.

### I. Count Two: Sex-based, Hostile Work Environment, and Harassment Discrimination

Defendant contends aspects of Fernandez's Title VII claim are not exhausted and, therefore, fail as a matter of law. An employment discrimination plaintiff must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id.* (citation omitted). Claim exhaustion, however, is circumscribed by the EEOC charge, which courts construe "in its broadest reasonable sense and ask whether the claim 'can reasonably be expected to grow out of the charge of discrimination.'" *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.

1970)). "Although verbal precision and finesse in the charge are not required, a Title VII lawsuit can include only those allegations that are like or related to those allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission." *Id.* (quotation cleaned up).

Plaintiffs attach Fernandez's Right to Sue letter to their Complaint. (Rec. Doc. 1-2). To its instant motion, Defendant attaches Fernandez's Charge of Discrimination. (Rec. Doc. 18-2). A court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion. *See Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Thus, this Court's reference to EEOC documents does not convert Defendant's motion into a motion for summary judgment. *See Funk v. Stryker Corp.,* 631 F.3d 777, 780 (5th Cir. 2011).

In his EEOC charge, Fernandez lists "Disability, Race, [and] Retaliation" as bases of his complaint. (Rec. Doc. 18-2 at 2). Specifically, Fernandez alleges that racial discrimination led to his being given "a made-up job" so that he be excluded from White coworkers, that coworkers asked his opinion about a video entitled "N*****s for Trump," that after Fernandez complained about false stories regarding his mental health he was required to undergo a mental evaluation, and that fellow coworkers generally did not want to work with him because of his race. *Id.* at 2–3. Plainly, any allegation of sex-based discrimination is absent in Fernandez's allegations. Accordingly, sex-based discrimination cannot reasonably be expected to grow out of the EEOC charge, leading to the dismissal of that aspect of Fernandez's instant claim for failure to exhaust.

Hostile work environment and harassment, however, present closer questions. Assuredly, neither are explicitly mentioned as a basis for the EEOC charge. "To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007) (citation omitted). The Supreme Court has described such harassment as "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys.,* 510 U.S. 17, 21 (1993) (quotation omitted). This measure is assessed both subjectively and objectively. *Id.* at 22–23. Objective factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23.

Reading Fernandez's EEOC charge in the broadest reasonable sense, this Court concludes that discrimination based on hostile work environment and harassment could reasonably be expected to grow out of the administrative allegations. Fernandez describes racism as the catalyst for escalating workplace stories by his coworkers which questioned his fitness for employment, and which in turn, led to job alterations, training refusals, and coworker avoidance. Thus,

5

Fernandez has exhausted that aspect of his Title VII claim.

Defendant leaves unaddressed non-exhaustion dismissal arguments as to discrimination based on hostile work environment and harassment. The Court, therefore, does not provide further assessment of the claim. Furthermore, although it is unclear if Fernandez's claim has ultimate merit, this Court cannot say he has failed to administratively exhaust and, thereby, failed to state a claim for Title VII discrimination based on hostile work environment and harassment. These aspects of the claim remain.

## II. Count Seven: Intentional Infliction of Emotional Distress

Defendant also moves for dismissal of Fernandez's claim of intentional infliction of emotional distress. To succeed on the Louisiana tort claim, a plaintiff must prove: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict sever emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). For an employer's actions to qualify as "extreme and outrageous" they must be truly extraordinary. *See Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1027 (La. 2000) (collecting cases). Moreover, Louisiana "jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time." *Id.* at 1026.

Plaintiffs ignore Defendant's challenge of this claim. Consistently, the Fifth Circuit has interpreted a failure to address an issue as a waiver of the argument. *See,*

6

*e.g., Tremago, L.P. v. Euler-Hermes Am. Credit Indem. Co.*, 602 F. App'x 981, 985 (5th Cir. 2015). "By analogy, failure to brief an argument in the district court waives that argument in that court." *Williamson v. Watco Companies, Inc.*, No. 09-1255, 2010 WL 4117745, at *3 (W.D. La. Oct. 13, 2010) (quoting *Lopez v. River Oaks Imaging & Diagnostic Grp., Inc.*, 542 F. Supp. 2d 653, 658 n.9 (S.D. Tex. 2008)).

Waiver notwithstanding, Fernandez does not allege any actions that could be interpreted as extraordinarily extreme and outrageous. Although contending that racial discrimination drove the deterioration of his workplace experience, the specific acts alleged are few. None, moreover, demonstrate the threshold behavior to sustain a claim of intentional infliction of emotional distress. The claim must be dismissed.

### III. Count Eight: Sexual Battery

Additionally, Defendant contends Plaintiffs cannot assert a private action for sexual battery. Plaintiffs leave the argument unaddressed, instead marshalling caselaw to show that unwanted sexual conduct can support a Title VII claim. Plaintiffs, however, make their sexual battery claim pursuant to Louisiana Revised Statute § 14:43.1.1. (Rec. Doc. 2 at 23). In pertinent part, the criminal statute makes it a misdemeanor to engage in "the intentional touching of the breasts or buttocks of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing[.]" La. Stat. Ann. § 14:43.1.1. "Under Louisiana law, criminal statutes may provide the standard of care in a tort action when the other fundamental elements of a tort (duty of care, damages) are present." *Louisiana v. Guidry*, 489 F.3d 692, 699 (5th Cir. 2007). Nonetheless, possibly providing a

standard of care does not, thereby, create a private cause of action. For such an action to subsist, there must be a "a statutory basis for inferring that a civil cause of action of some sort [lies] in favor of someone." *Gressett v. City of New Orleans*, No. 17-16628, 2018 WL 3642008, at *4 (E.D. La. Aug. 1, 2018) (Vance, J.), *aff'd sub nom. Gressett v. New Orleans City*, 779 F. App'x 260 (5th Cir. 2019) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)). Put another way, the private action must be based on more than a "bare criminal statute." *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (quotation omitted).

Louisiana Revised Statute § 14:43.1.1 is nothing more than a bare criminal statute. Nothing from its text can lead to the inference of a private right of action therefrom. This conclusion, moreover, aligns with that of another section of the Eastern District of Louisiana Court. *Harris v. Rivarde Det. Ctr.*, No. 19-1012, 2020 WL 419299, at *9 (E.D. La. Jan. 27, 2020). Fernandez fails to state a claim of sexual battery.

## IV.  Count Ten: Loss of Consortium

Finally, in light of the dismissals of intentional infliction of emotional distress and sexual battery, Defendant avers Beverly's loss of consortium claim likewise cannot be maintained. Under Louisiana law, loss of consortium both stands as its own claim and is also derivative of the injuries of a primary victim. *Ferrell v. Fireman's Fund Ins. Co.*, 96-3028 (La. 7/1/97), 696 So. 2d 569, 573, 576. The spouse of a tort victim is the paradigmatic plaintiff for a loss of consortium claim. *Id.* at 573 (analyzing a loss of consortium claim in the light of an underlying action pursuant to La. Civ. Code art. 2315). It's just as clear, however, that "loss of consortium claims

are not cognizable in employment discrimination cases." *Barker v. Halliburton Co.*, 645 F.3d 297, 300 (5th Cir. 2011) (quoting *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 937 (E.D. La. 2004)).

Put simply, Plaintiffs have no remaining causes of action that could support Beverly's loss of consortium claim. The claim, accordingly, must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Partial Motion to Dismiss* **(Rec. Doc. 18)** is **GRANTED IN PART** and **DENIED IN PART**. It is denied as to Plaintiffs' Title VII discrimination based on hostile work environment and harassment, maintaining that aspect of Count Two. In all other respects, it is granted.

New Orleans, Louisiana, this 8th day of August, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE